IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE A. CENTENO,

    Plaintiff,

v.

MEGAN J. BRENNAN,
Postmaster General,

    Defendant.

:
:
:
:
:

Case No. 3:16-cv-87

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #15); OVERRULING WITHOUT PREJUDICE PLAINTIFF'S OBJECTIONS THERETO (DOC. #16); SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION TO DISMISS (DOC. #8); OVERRULING MOTION TO DISMISS COUNTS I AND II, AND GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT WITHIN 14 DAYS OF THE DATE OF THIS DECISION AND ENTRY; DISMISSING COUNT III (BREACH OF CONTRACT) WITH PREJUDICE, AND DISMISSING COUNT IV (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) WITHOUT PREJUDICE

---

Plaintiff, Jose A. Centeno, filed suit against Megan J. Brennan, Postmaster General, alleging disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Count I), retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (Count II), breach of contract (Count III), and intentional infliction of emotional distress (Count IV). Defendant has filed a Motion to Dismiss. Doc. #8.

United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #15, recommending that Defendant's motion be granted in part and denied in part. She concluded that Count III should be dismissed on sovereign immunity grounds, and that Count IV should be dismissed for failure to exhaust administrative remedies. She also found that, as currently pled, Counts I and II were subject to dismissal for failure to exhaust administrative remedies. However, based on new allegations contained in Plaintiff's Response Opposing Defendant's Motion to Dismiss, Doc. #10, she recommended that Plaintiff be granted leave to file an Amended Complaint to cure this pleading defect.

Plaintiff has filed timely Objections to the Report and Recommendations, Doc. #16. Defendant has filed a Response to those Objections. Doc. #17. The Court must make a *de novo* review of any part of the Magistrate Judge's ruling that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636 (b)(1)(C). Plaintiff's Objections focus solely on the Magistrate Judge's discussion of Defendant's argument that, in the September 18, 2013, Settlement Agreement, Plaintiff waived the right to pursue the discrimination and retaliation claims that were the subject of the original complaint he filed with the Equal Employment Opportunity Commission ("EEOC"). Magistrate Judge Ovington found that, although Plaintiff had expressly waived his claims based on events that occurred *before* the Settlement Agreement was signed, he had not waived his right to pursue claims of discrimination and retaliation based on events alleged to have

2

occurred *after* the Settlement Agreement was signed. Doc. #15, PageID##212-213.

Plaintiff objects only to Magistrate Judge Ovington's finding that the Settlement Agreement bars any discrimination and retaliation claims that pre-date that September 18, 2013, Agreement. He notes that where, as here, an employee alleges that the employer has breached the terms of the settlement agreement, the employee can either demand specific performance, or can "demand that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). He maintains that his request, to the EEOC, to have his complaint reinstated voids the Settlement Agreement, including his agreement to dismiss his discrimination and retaliation claims with prejudice.

Notably, the Sixth Circuit has held that a request for reinstatement essentially "unravel[s] . . . the settlement agreement so that the complainant can pursue the underlying discrimination claims, which can be reviewed in federal court." *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013). Plaintiff further argues that, because Defendant breached the Settlement Agreement, he should be relieved from his obligations under that Agreement.

Defendant, on the other hand, argues that the Settlement Agreement bars judicial review of the underlying claims. Defendant further argues that the Office of Federal Operations need not reinstate the complaint simply because the complainant makes that request. Upon finding a breach, it may instead order specific enforcement of the Agreement.

3

In the Court's view, all of these arguments are premature. As Magistrate Judge Ovington held, the current Complaint fails to adequately allege that Plaintiff exhausted his administrative remedies at the agency level. Based on certain representations made in Plaintiff's Response Opposing Defendant's Motion to Dismiss, Magistrate Judge Ovington nevertheless recommends that Plaintiff be granted leave to amend his Complaint to cure this defect in connection with Counts I and II of the Complaint.

Until Plaintiff has properly alleged that he has satisfied the condition precedent of exhausting his administrative remedies with respect to his claims of discrimination and retaliation, there is no need for the Court to consider the proper scope of those claims, including the question of whether the underlying claims that pre-date the Settlement Agreement are barred by the terms of that Agreement. Moreover, to the extent that Plaintiff alleges that Defendant's breach of the Settlement Agreement is so material that he should no longer be bound by the promises he made in that Agreement, this issue is more appropriately addressed in the context of a motion for summary judgment. For these reasons, Plaintiff's Objections to the Report and Recommendations, Doc. #16, are OVERRULED WITHOUT PREJUDICE to re-asserting these arguments at a later date.

Based on the reasoning and citations of authority set forth by Magistrate Judge Ovington in her Report and Recommendations, Doc. #15, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing IN PART, the only exception being that the Court makes

4

no determination at this stage of the litigation on the question of whether Plaintiff waived all discrimination and retaliation claims that pre-date the Settlement Agreement.

Defendant's Motion to Dismiss, Doc. #8, is SUSTAINED IN PART and OVERRULED IN PART. The Court OVERRULES the Motion to Dismiss Counts I and II. Plaintiff is granted LEAVE TO AMEND the Complaint within fourteen (14) days of the date of this Decision and Entry, to cure the pleading defects concerning exhaustion of administrative remedies. Count III (breach of contract) is DISMISSED WITH PREJUDICE. Count IV (intentional infliction of emotional distress) is DISMISSED WITHOUT PREJUDICE.

Date: January 9, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE